J-S20024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN CAFARDI, | |
| Appellant | No. 1235 WDA 2015 |

Appeal from the PCRA Order of July 14, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0001133-2012
CP-02-CR-0013880-2012

BEFORE:  PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                                **FILED APRIL 4, 2016**

Appellant, Shawn Cafardi, appeals *pro se* from the order entered on July 14, 2015 that denied his petition filed pursuant to Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We glean our summary of the factual and procedural history of this case from the trial court.

> On January 3, 2012, Tracy Schmitt was in her living room at her home on 300 Alries Street between 11:00 a.m. and noon, when two masked and armed individuals entered her home through an unlocked front door.  The two intruders were dressed in black hoodies and were wearing gloves, ski masks and sunglasses. They did not say anything to Ms. Schmitt as they entered the home, but immediately proceeded up the stairs and to the front bedroom where Ms. Schmitt's son, John Maggio, was sleeping. Ms. Schmitt went up the stairs after the armed individuals, but she was unable to enter John's room because the door was being held shut.  Ms. Schmitt attempted to force her way into John's room by hitting the door with her shoulder.  She eventually broke the door off its hinges, entered the room and saw two

*Retired Senior Judge assigned to the Superior Court.

armed individuals, with one of them pointing a gun at her son, John.

Upon waking, John asked if the armed men present in his room w[ere] some kind of joke. In response, one of the men, identified as [Appellant], pointed his gun at John and shot towards his foot. John was not hit by the bullet, and his mother told him to exit the house with her. Ms. Schmitt and John ran next door to Ms. Schmitt's mother's house to call 911. Ms. Schmitt told [the] 911 operator what was occurring and then handed the phone to her mother. She and John went back towards their house because Ms. Schmitt's other son was still there, sleeping in the attic bedroom of the house. As they ran back towards their home, Ms. Schmitt and John saw the two intruders running up the street and turning onto another street. When John inspected his room after he and his mother arrived home, he saw that his room was in disarray, with the mattress flipped over and everything scattered throughout the room. He noticed that one-quarter (1/4) ounce of marijuana and $35[.00], which [he] kept on top of his dresser, were the only things missing from his room. Later that evening, the bullet [fired] in John's bedroom was found in the living room of Ms. Schmitt's home.

During the police investigation of the home invasion, both Ms. Schmitt and John Maggio identified one (1) of the two (2) intruders as [Appellant]. [Appellant] had been best friends with Ms. Schmitt's oldest son, Mark Maggio, for approximately 15 years and had been in Ms. Schmitt's home at least three (3) times per week over those years. On the day before the home invasion, [Appellant] and his father had been in the house and had been in John's bedroom smoking marijuana. Both Ms. Schmitt and John Maggio described [Appellant] as having a distinct waddling walk and a distinctive stance that made him immediately identifiable to each of them.

Trial Court Opinion, 12/20/13, at 2-4.

The procedural history of this case is as follows:

A jury trial was held [] between October 25-26, 2012, at the conclusion of which [Appellant] was found guilty of [r]obbery (18 Pa.C.S.A. § 3701(a)(1)(i)), [c]riminal [c]onspiracy (18 Pa.C.S.A. § 903(a)(1)) and [s]imple [a]ssault (18 Pa.C.S.A. § 2701(a)(3)).

A non-jury trial on the severed charge of [p]erson [n]ot to [p]ossess or [u]se a [f]irearm (18 Pa.C.S.A. § 6105(a)(1)) [] proceeded at the same time as the jury trial. Th[e trial] court found [Appellant] guilty following that non-jury trial. On January 24, 2013, th[e trial] court sentenced [Appellant] to [six to] 12 years of incarceration, with credit for time served, for the [r]obbery count, and [three and one-half to seven] years of incarceration for the [p]ossession of a [f]irearm count, to be served consecutively. [Appellant] filed [p]ost-[s]entence [m]otions, which th[e trial] court denied following argument on May 15, 2013.

[Appellant] took a direct appeal from his sentence, arguing, among other things, that the evidence was insufficient to convict him. On June 19, 2014, the Superior Court of Pennsylvania affirmed [Appellant's] of sentence. The Supreme Court of Pennsylvania denied [Appellant's] [p]etition for [a]llowance of [a]ppeal on December 17, 2014.

On January 13, 2015, [Appellant] filed a *pro se* PCRA Petition. On January 27, 2015, th[e PCRA] court appointed counsel for [Appellant] and directed that an amended PCRA Petition be filed, if such petition was warranted, within (90) days. Counsel subsequently filed a motion for a private investigator, which was granted on February 9, 2015. On May 19, 2015, th[e PCRA] court granted [c]ounsel's request for an extension of time to file either an amended petition or a no-merit letter because [c]ounsel was awaiting medical records that could have supported [Appellant's] claims. On June 10, 2015, [c]ounsel filed a [p]etition to [w]ithdraw and [n]o-[m]erit [l]etter in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley,** 550 A.2d 213 (Pa. Super. 1988).

After reviewing [c]ounsel's [n]o-[m]erit letter and performing an independent review of the record, th[e PCRA] court agreed that [Appellant's] claims were without merit. Accordingly, on June 17, 2015, th[e PCRA] court issued an order pursuant to Pa.R.Crim.P. 907(1), notifying [Appellant] of the court's intention to dismiss his *pro se* petition without a hearing. [Appellant] was given twenty (20) days to file a response to the proposed dismissal order. On July 14, 2015, th[e PCRA] court issued its final dismissal order. Unbeknownst to the court, [Appellant] had filed a timely response to the proposed dismissal order, which

- 3 -

th[e PCRA] court did not receive a copy of, due to a mailing delay, until well after its final dismissal order had been issued. Upon receipt and review of [Appellant's] response, th[e PCRA] court issued an order on August 11, 2015 that addressed the issues raised in that response. Since [Appellant's] response merely [] reassert[ed] meritless claims that were addressed in [c]ounsel's [n]o-[m]erit Letter, th[e PCRA] court concluded that final dismissal was still appropriate.

[Appellant] filed a timely [n]otice of [a]ppeal from the court's July 14, 2015 dismissal order. On August 17, 2015, th[e PCRA] court ordered [Appellant] to file a concise statement of errors complained of on appeal ("[c]oncise [s]tatement") by September 8, 2015. [Appellant] subsequently filed a timely [c]oncise [s]tatement, raising the following three (3) issues for review[.]

Trial Court Opinion, 11/10/15, at 1-4.

On appeal, Appellant raises the following questions for our review:

Whether Appellant was entitled to [p]ost-[c]onviction [c]ollateral [r]elief in the form of a new trial as a result of being denied a fair and impartial trial as a result of trial, appellate and PCRA counsel's ineffectiveness for not adequately challenging the sufficiency of the evidence?

Whether Appellant was entitled to [p]ost-[c]onviction [r]elief in the form of a new trial as a result of being denied a fair and impartial trial as a result of trial, appellate and PCRA counsel's ineffectiveness in not presenting an alibi defense and certain medical record(s) which would have corroborated Appellant's [a]libi defense?

Whether Appellant was entitled to [p]ost-[c]onviction [r]elief in the form of a new trial as a result of being denied effective assistance of counsel where trial/appellate counsel failed to challenge an in-court identification?

Appellant's Brief at 5.

All three of Appellant's claims raise the alleged ineffective assistance of prior counsel. As we have stated:

> [t]his Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. We may affirm a PCRA court's decision on any grounds if it is supported by the record.

*Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010) (internal citations omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffectiveness of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is, however, presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

*Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Id.*

We have carefully reviewed the submissions of the parties, the opinion of the PCRA court, and the record certified on appeal. Based upon our review, we conclude that Appellant's claims lack arguable merit and, therefore, he is not entitled to relief. We briefly explain.

In his first claim, Appellant contends that he is entitled to relief because trial, appellate, and PCRA counsel failed to challenge the sufficiency of the evidence introduced to establish his identity as a perpetrator of the instant offenses. Our review of the record confirms, however, that both trial and direct appeal counsel contested the identification testimony introduced against Appellant. After review, this Court concluded that there was ample credible evidence to establish Appellant's identity as one of the perpetrators of the present crimes. As such, PCRA counsel correctly concluded that this claim lacked merit. We see no error in the PCRA court's dismissal of this claim.

Appellant's second claim avers that trial, appellate, and PCRA counsel were ineffective in failing to present alibi witnesses and medical records to establish that Appellant was receiving medical treatment at another location at the time of the incident in question. However, the certified record, including PCRA counsel's no-merit letter, shows that Appellant's alibi

witnesses were unsure about the precise date on which Appellant received medical treatment. In addition, Appellant's medical records showed that he received treatment on January 4, 2012, the day after the home invasion at Ms. Schmitt's residence. Thus, Appellant's claim alleging prior counsel's ineffectiveness in failing to pursue an alibi defense is without merit.[1]

Lastly, Appellant alleges he is entitled to relief because trial and appellate counsel failed to challenge an in-court identification procedure that required him to stand up, remove his jacket, and briefly walk for the jury's observation. As the PCRA court observed in its opinion, and as PCRA counsel recognized in his no-merit letter, this Court previously approved courtroom demonstrations of this nature. *See e.g.*, ***Commonwealth v. Fernandez***, 482 A.2d 567, 569 (Pa. Super. 1984) (privilege against self-incrimination afforded by Fifth Amendment of United States Constitution and Article I, Section 9 of Pennsylvania Constitution excludes only evidence that is testimonial in nature not incriminating demonstrative or physical evidence). As a result, Appellant is not entitled to relief on his third claim.

Order affirmed.

_____

[1] The record establishes that Appellant received medical treatment in January 2012 for a prior shooting incident. Trial counsel could reasonably pursue a strategy that sought to avoid placing such information before a jury deliberating armed robbery charges.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/4/2016